IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. MILLER, | ) | |
| Plaintiff | ) | C.A. No. 11-124 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| OFFICER DAVID CUNEO, et al., | ) | |
| Defendants. | ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On June 14, 2011, Plaintiff David E. Miller, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against: David Cuneo, a police officer with the Johnsonburg Police Department ("Cuneo"); the Johnsonburg Police Department ("JPD"); and Elk County Commissioner ("Elk County"). Plaintiff alleges that Defendants violated his rights under the fourth, fifth, and sixth amendments to the United States Constitution, as well as his rights under 18 U.S.C. § 1621, 18 U.S.C. § 242, and 42 U.S.C. § 1986.

On October 28, 2011, Defendants Cuneo and JPD filed a partial motion to dismiss [ECF No. 20], arguing, *inter alia*, that (i) no private right of action exists under 18 U.S.C. §§ 1621 and 242; (ii) Plaintiff's § 1986 claim must be dismissed because he has failed to allege a conspiracy under 42 U.S.C. § 1985; (iii) Plaintiff' has failed to state a claim upon which relief may be granted under either the Fifth or Sixth Amendment; (iv) Plaintiff has failed to state a municipal

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge. [ECF Nos. 2, 18, 19].

liability claim upon which relief may be granted against JPD; (v) Plaintiff's official capacity claim against Defendant Cuneo must be dismissed; and (vi) a portion of Plaintiff's claim against Defendant Cuneo is barred by the applicable statute of limitations.

Defendant Elk County filed its own motion to dismiss on November 1, 2011 [ECF No. 21], arguing, *inter alia*, that Plaintiff has failed to state a claim against it upon which relief may be granted. Plaintiff was ordered to file a response to each motion by January 13, 2012; however, he has failed to do so. This matter is now ripe for consideration.

### B. Relevant Factual History

Plaintiff alleges that from approximately February 2008 to July 30, 2010, Defendant Cuneo abused his authority by taking several actions against Plaintiff that allegedly violated Plaintiff's rights. In particular, Plaintiff alleges that sometime prior to July 1, 2009, Defendant Cuneo issued two different "summons" against him that were eventually dismissed by Magisterial District Judge George A. King. (ECF No. 5, Complaint, at pp. 2-4 and 3-4). Then on July 1, 2009, Defendant Cuneo charged Plaintiff with Aggravated Assault and Simple Assault, stemming from an incident in which Plaintiff alleges he was defending himself against an attacker. These charges were dismissed by the Honorable Richard Masson of the Elk County Court of Common Pleas. (ECF No. 5, Complaint, at p. 3-4).

Subsequently, Plaintiff claims that, while "constructing a case" against Plaintiff, Defendant Cuneo harassed Plaintiff's mother and brother and forced his brother to "perjure himself with a false statement while being threatened with imprisonment and loss of custody of his minor child." (Id.). On the basis of Plaintiff's brother's allegedly false statement, Defendant Cuneo charged Plaintiff with Persons not to Possess Firearms Prohibited and Receiving Stolen Property, which charges were ultimately dismissed by Judge Masson. (Id.). Plaintiff alleges that, while he was incarcerated on the charges prior to their dismissal, Plaintiff learned that Defendant

Cuneo was having an affair with Plaintiff's wife, who allegedly remains Defendant Cuneo's "live-in girlfriend." (Id.).

### C. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d

Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it

4

should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D.    Discussion
#### 1.    Claims Under 18 U.S.C. §§ 1621 and 242

Plaintiff claims that Defendants violated his rights under two sections of the federal criminal code – 18 U.S.C. § 1621, which provides a criminal penalty for perjury, and 18 U.S.C. § 242, which provides a criminal penalty for deprivation of rights under color of law. However, neither of these statutes provides a private right of action under which Plaintiff may sue for monetary damages. See, e.g., Winston v. Daniels, 2011 WL 2680282 at *5 n. 4 (W.D.Pa. July 8, 2011); Walthour v. Herron, 2010 WL 1877704 at *3 (E.D.Pa. May 6, 2010)(no private right of action exists under 18 U.S.C. §§ 241, 242, 245, 247, 371, or 1951); Estate of Moser v. Exeter Twp. Boro. Council Members, 1998 WL 575109 at *1 n. 1 (E.D.Pa. Sept. 8, 1998)(finding no private right of action under18 U.S.C. § 1621 in Section 1983 action). Thus, Plaintiff cannot proceed with a civil action to recover damages for violation of either 18 U.S.C. § 1621 or 18 U.S.C. § 242, and such claims will be dismissed for failure to state a claim upon which relief

may be granted.

### 2. Claim Under 42 U.S.C. § 1986

Plaintiff generally claims that Defendants' alleged actions violated 42 U.S.C. § 1986. (ECF No. 5, Complaint, at Section III). "To state a claim under Section 1986, Plaintiff must have stated a valid claim under 42 U.S.C. § 1985." Walthour at *5, citing Bieros v. Nicola, 839 F.Supp. 332, 336 (E.D.Pa. 1993). See also Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994)("transgressions of § 1986 by definition depend on a preexisting violation of § 1985"). Here, Plaintiff has failed to allege any violation of Section 1985, which allows an action to be brought by one harmed by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws." 42 U.S.C. § 1985(3); Farber v. City of Patterson, 440 F.3d 131, 134 (3d Cir. 2006). In fact, Plaintiff's complaint contains no allegations of conspiracy, nor any allegations asserting a deprivation of equal protection or of equal privileges and immunities under the laws. Since Plaintiff has failed to state a valid conspiracy claim under Section 1985, his Section 1986 claim will necessarily be dismissed.

### 3. Fifth Amendment Claim

Plaintiff alleges a violation of his Fifth Amendment right to due process based on his "loss of liberty" as a result of Defendant Cuneo's actions. Defendants seek to dismiss this claim, arguing that the Fifth Amendment only applies to actions of the federal government. Although the Court agrees that the Fifth Amendment does not apply in this case, the Court cannot overlook the fact that Plaintiff is attempting to assert a due process violation, which he may do under the Fourteenth Amendment. Because Plaintiff is acting *pro se*, the Court is inclined to grant leniency and will construe Plaintiff's Fifth Amendment claim as a Fourteenth Amendment due process

claim. Accordingly, the Court will dismiss Plaintiff's due process claim to the extent he attempts to invoke the Fifth Amendment, but will allow Plaintiff to proceed with his due process claim under the Fourteenth Amendment.

### 4. Sixth Amendment Claim

Plaintiff generally alleges a violation of his Sixth Amendment rights, but fails to identify the nature of the alleged violation. Defendants have moved to dismiss this claim, arguing that Plaintiff's allegations fail to implicate any of the rights protected by the Sixth Amendment. The Court agrees.

The Sixth Amendment has been interpreted as encompassing seven distinct rights relating to criminal prosecutions: (1) the right to a speedy trial, Barker v. Wingo, 407 U.S. 514, 515 (1972); (2) the right to a public trial, Presley v. Georgia, ___ U.S. ___, 130 S.Ct. 721, 723 (2010); (3) the right to an impartial jury, Skilling v. United States, ___ U.S. ___, 130 S.Ct. 2896, 2912-13 (2010); (4) the right to be informed of criminal charges, Iowa v. Tovar, 541 U.S. 77, 81 (2004); (5) the right to confront accusers, Bullcoming v. New Mexico, ___ U.S. ___, 131 S.Ct. 2705, 2713 (2011); (6) the right to call witnesses, Specht v. Patterson, 386 U.S. 605, 610 (1967); and (7) the right to counsel, United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006).

Here, Plaintiff alleges that Defendant Cuneo engaged in various forms of wrongful conduct, including abuse of his authority, issuance of meritless charges, perjury, and threatening and harassment of Plaintiff's family members; however, none of these alleged acts infringe upon any of the rights protected by the Sixth Amendment. As a result, Plaintiff's Sixth Amendment claim fails to state a cause of action upon which relief may be granted and will be dismissed accordingly.

### 5. Municipal Liability Claims

Although Plaintiff has named JPD and Elk County as Defendants in this case, he has failed to make any specific allegations against either party. Thus, the only reasonable inference that may be drawn is that Plaintiff is asserting a municipal liability claim against each Defendant arising out of the alleged misconduct of Defendant Cuneo.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978); City of St. Louis v. Prapotnik, 485 U.S. 112 (1988); A.M. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 580 (3d Cir. 2004). In Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575 (3d Cir. 2003), the Third Circuit identified three methods of establishing a policy, practice or custom:

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Id. at 584 (internal citations and quotations omitted).

Here, none of the three methods of establishing a policy, practice or custom apply. First, Plaintiff has not alleged the existence of a formal policy of either Defendant JPD or Elk County that was responsible for Defendant Cuneo's alleged misconduct. Second, the alleged violations of federal law were allegedly committed by Defendant Cuneo, who is not a final policymaker. Third, Plaintiff has failed to allege that either Defendant JPD or Defendant Elk County was a policymaker or that, as a policymaker, either Defendant knew of and acquiesced in the alleged misconduct of Defendant Cuneo. Because no allegations have been made from which a policy, practice or custom can be established, municipal liability cannot attach. As a result, Plaintiff's

claims against Defendants JPD and Elk County will be dismissed.

### 6. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original complaint was filed as an attachment to a motion to proceed *in forma pauperis* on June 14, 2011; however, the complaint was apparently signed by Plaintiff on June 7, 2011. (See ECF No. 5, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat June 5, 2011, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to June 5, 2009, is barred by the statute of limitations.

Here, Defendant Cuneo argues that Plaintiff's claim arising from the first "summons"

9

Defendant Cuneo issued against Plaintiff in or around February 2008 is barred by the applicable statute of limitations. While the Court agrees that the February 2008 "summons" was issued well beyond the reach of the two-year statute of limitations, it is apparent from a plain reading of the complaint that Plaintiff's claims are derived not from individual events, but from Defendant Cuneo's continuing course of conduct that allegedly began with the issuance of the first "summons" in February 2008, and ended on July 30, 2010. Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." <u>Brenner v. Local 514, United Broth. of Carpenters and Joiners of America</u>, 927 F.2d 1283, 1295 (3d Cir. 1991). Based on this doctrine, Defendant Cuneo's statute of limitations challenge will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. MILLER, | ) | |
| Plaintiff | ) | C.A. No. 11-124 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| OFFICER DAVID CUNEO, et al., | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 1st day of February, 2012,

IT IS HEREBY ORDERED as follows:

1. The Partial Motion to Dismiss filed by Defendants Cuneo and Johnsonburg Police Dept. [ECF No. 20] is granted in part and denied in part, as follows:

    a. The motion is GRANTED as to Plaintiff's claims pursuant to 18 U.S.C. § 1621, 18 U.S.C. § 242, 42 U.S.C. § 1986, and the Sixth Amendment, and said claims are hereby dismissed;

    b. The motion is GRANTED as to Plaintiff's municipal liability claim against Defendant Johnsonburg Police Dept., and such claim is hereby dismissed. As this is the only claim against said Defendant, the Clerk is hereby directed to terminate Defendant Johnsonburg Police Dept. from this case;

    c. The motion is DENIED with regard to the statute of limitations challenge to that portion of Plaintiff's claims attributable to the February 2008 "summons" that was issued by Defendant Cuneo; and

    d. Plaintiff's Fifth Amendment due process claim is hereby construed and re-characterized as a due process claim under the Fourteenth Amendment, and any claim brought under the Fifth Amendment is hereby dismissed;

2. The Motion to Dismiss filed by Defendant Elk County Commissioner is GRANTED and the Clerk is hereby directed to terminate said Defendant from this case.

Based on the foregoing, the only claims remaining in this case are Plaintiff's Fourth Amendment and Fourteenth Amendment due process claims against Defendant Cuneo. All other claims have been dismissed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge