IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. MILLER,  ) | |
| Plaintiff  ) | C.A. No. 11-124 Erie |
| ) | |
| v.  ) | |
| ) | Magistrate Judge Baxter |
| OFFICER DAVID CUNEO, et al.,  ) | |
| Defendants.  ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On June 14, 2011, Plaintiff David E. Miller, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against: David Cuneo, a police officer with the Johnsonburg Police Department ("Cuneo"); the Johnsonburg Police Department ("JPD"); and Elk County Commissioner ("Elk County"). Plaintiff alleges that Defendants violated his rights under the fourth, fifth, and sixth amendments to the United States Constitution, as well as his rights under 18 U.S.C. § 1621, 18 U.S.C. § 242, and 42 U.S.C. § 1986.

On February 1, 2012, this Court issued an Opinion and Order dismissing Plaintiff's claims against Defendants JPD and Elk County, and dismissing all claims against Defendant Cuneo, with the exception of Plaintiff's Fourth Amendment claim of malicious prosecution and Fourteenth Amendment due process claim. [ECF No. 28]. The parties have since completed discovery and Defendant Cuneo has now filed a motion for summary judgment [ECF No. 36].

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge. [ECF Nos. 2, 18, 19].

Plaintiff has filed a timely brief in opposition to Defendant's motion, to which Defendant has filed a reply brief. [ECF Nos. 44, 45]. This matter is now ripe for consideration.

### B. Relevant Factual History[2]

On February 28, 2008, Defendant Cuneo issued a summary citation to Plaintiff for operating a vehicle without a valid inspection in violation of 75 Pa.C.S.A. § 4703(a). (ECF No. 37 at ¶ 1; ECF No. 42 at ¶ 3). Plaintiff was not arrested or imprisoned as a result of this citation, and the citation was ultimately dismissed by the Magisterial District Judge because Plaintiff successfully raised the recently purchased vehicle exception under Section 4703(d) of the Pennsylvania Vehicle Code. (ECF No. 37 at ¶¶ 2, 3; ECF No. 42 at ¶ 4).

On March 6, 2009, Defendant Cuneo issued Plaintiff a summary citation for harassment in violation of 18 Pa.C.S.A. § 2709(a), which was dismissed by the Magisterial District Judge because of the victim's failure to appear at the summary trial. (ECF No. 37 at ¶¶ 4, 5; ECF No. 42 at ¶¶ 5, 6). Plaintiff was not arrested or jailed in connection with this citation. (ECF No. 37 at ¶ 6).

On or about June 4, 2009, Plaintiff's wife, Jaymie Redmond f/k/a Jaymie Miller ("Ms. Redmond"), sought a protection from abuse order ("PFA Order") against Plaintiff, which was granted by the Elk County Court of Common Pleas on June 11, 2009. (ECF No. 37 at ¶¶ 7, 8; ECF No. 42 at ¶ 7). Pursuant to the PFA Order, Plaintiff was evicted from Ms. Redmond's residence and was prohibited from contacting Ms. Redmond for a period of three years, ending June 11, 2012. (ECF No. 37 at ¶ 9; ECF No. 42 at ¶ 8).

In the early morning hours of July 1, 2009, Plaintiff went to Ms. Redmond's residence in

---

[2] The factual history herein is gleaned from the undisputed material facts of record, as set forth by the parties in their respective Statements of Undisputed Material Facts and responses thereto [ECF Nos. 37, 42, 43, 46].

violation of the PFA Order. (ECF No. 37 at ¶ 10). While at Ms. Redmond's residence, Plaintiff encountered Joshua Padasak ("Padasak"), and the two men engaged in a fight, during which Padasak stabbed Plaintiff with a knife and Plaintiff hit Padasak in the head with a brick. (Id. at ¶ 11). Defendant Cuneo subsequently received a 911 dispatch call to respond to an assault victim who was bleeding profusely. (Id. at ¶ 12). Upon arriving at the scene, Defendant Cuneo found Padasak "standing there bleeding, holding a rag on his wrist" and his face was "bleeding and cut." (Id. at ¶ 13; ECF No. 42 at ¶ 15). Padasak informed Defendant Cuneo that Plaintiff had just assaulted him with a brick at Ms. Redmond's residence. (ECF No. 37 at ¶ 14; ECF No. 42 at ¶ 16). Shortly thereafter, Ms. Redmond gave a written statement to Defendant Cuneo stating that Plaintiff was at her residence and that he hit Padasak with a brick. (ECF No. 37 at ¶ 15).

After getting an ambulance for Padasak and obtaining Ms. Redmond's written statement, Defendant Cuneo proceeded to the residence of Plaintiff's mother, with whom Plaintiff and his brother resided. (Id. at ¶ 16; ECF No. 42 at ¶ 17). Defendant Cuneo arrested Plaintiff at the residence and charged him with aggravated assault and simple assault ("Assault charges"), and indirect criminal contempt for violating the PFA Order. (ECF No. 37 at ¶ 21; ECF No. 42 at ¶ 18). At the time of his arrest on July 1, 2009, Plaintiff was on parole from a sentence he received on March 5, 2000, for aggravated assault. (ECF No. 37 at ¶ 22; ECF No. 42 at ¶ 20). Because he was a parolee at the time of his arrest, Plaintiff was detained at the Elk County Jail pending disposition of the indirect criminal contempt and Assault charges. (ECF No. 37 at ¶ 24).

A week prior to Plaintiff's arrest, a Johnsonburg Borough resident, Joseph Kojancic, reported that several items had been stolen from his vehicle, including a Smith and Wesson .40 caliber semi-automatic pistol ("Pistol"). (ECF No. 37 at ¶ 25; ECF No. 42 at ¶ 23). Following an investigation, the Johnsonburg Police Department arrested Adam Wayne Lynch ("Lynch") and charged him with the theft of the Pistol, among other things. (ECF No. 37 at ¶ 26; ECF No. 42 at ¶ 24). According to the Chief of the Johnsonburg Police, Bryan Parana ("Chief Parana"), Lynch

stated that Plaintiff knew of the Pistol's whereabouts. (ECF No. 37 at ¶ 27; ECF No. 42 at ¶ 24).

On the afternoon of July 1, 2009, Defendant Cuneo and Jason Woodin ("Officer Woodin") went to the residence of Plaintiff's mother to conduct a "knock and talk" regarding the location of the Pistol. (ECF No. 37 at ¶ 28). When Defendant Cuneo and Officer Woodin arrived at the residence, Plaintiff's mother consented to their search of the premises; however, they were not able to locate the Pistol. (ECF No. 37 at ¶¶ 29, 30). Plaintiff's brother, Christopher Miller, arrived at the residence during the officers' search and was questioned about the Pistol. (ECF No. 37 at ¶ 31; ECF No. 42 at ¶¶ 25, 26). Christopher Miller composed a witness statement indicating that Plaintiff had possession of a firearm at his mother's residence that he had received from Lynch. (ECF No. 37 at ¶ 32; ECF No. 43 at ¶ 32).

On July 3, 2009, Chief Parana received a fax from Lieutenant Klepfer of the Jefferson County Jail stating that Plaintiff knew the whereabouts of the Pistol and wanted to talk to Chief Parana about the same. (ECF No. 37 at ¶ 34; ECF No. 43 at ¶ 34). On July 6, 2009, Plaintiff was charged with receiving stolen property and persons not to possess, use, manufacture, control, sell, or transfer firearms ("Firearm charges"). (ECF No. 37 at ¶ 35; ECF No. 42 at ¶ 30). On July 8, 2009, after a preliminary hearing, Plaintiff's Assault charges were bound over to the Elk County Court of Common Pleas ("Elk County Court"). (ECF No. 37 at ¶ 38). On August 19, 2009, after a preliminary hearing, Plaintiff's Firearm charges were also bound over to the Elk County Court. (ECF No. 37 at ¶ 41).

On November 2, 2009, Plaintiff pleaded guilty to the indirect criminal contempt charge for violating the PFA Order and was sentenced to sixty (60) days of incarceration. (ECF No. 37 at ¶ 44; ECF No. 42 at ¶ 19). After pleading guilty to indirect criminal contempt, Plaintiff had a parole violation hearing. (ECF No. 37 at ¶ 45). On November 23, 2009, the parole board ordered Plaintiff to serve nine (9) months of back time for multiple technical parole violations, including Plaintiff's guilty plea for indirect criminal contempt. (Id. at ¶ 46).

On June 30, 2010, at the request of the Elk County District Attorney, an order of Nolle Prosequi was entered on the Assault charges by the Elk County Court because Padasak gave a new statement indicating that he had stabbed Plaintiff before Plaintiff hit him with a brick. (Id. at ¶ 47). This statement differed materially from Padasak's original statement and preliminary hearing testimony, which intimated that Plaintiff had been the aggressor. (Id. at ¶¶ 48, 49).

On July 30, 2010, at the request of the Elk County District Attorney, an order of Nolle Prosequi was entered on the Firearm charges by the Elk County Court because Christopher Miller refused to testify against Plaintiff. (Id. at ¶ 51; ECF No. 42 at ¶ 31).

On September 23, 2010, the Elk County District Attorney received a private criminal complaint from Plaintiff against Defendant Cuneo alleging that Christopher Miller had been coerced by Defendant Cuneo to provide a false statement against Plaintiff. (ECF No. 37 at ¶ 53; ECF No. 42 at ¶ 34). On October 7, 2010, Plaintiff's private criminal complaint was referred to the Pennsylvania Attorney General's Office due to a conflict of interest because the Elk County District Attorney had prosecuted Plaintiff's underlying criminal actions. ECF No. 37 at ¶ 54).

On May 31, 2011, Special Agent Philip Larcinese ("Larcinese") of the Attorney General's Office contacted Christopher Miller regarding Plaintiff's criminal complaint. (Id. at ¶ 55; ECF No. 42 at ¶ 35). According to Larcinese's investigative report, Christopher Miller confirmed the truth of his prior written statement that Plaintiff had possession of a firearm that he had received from Lynch; however, he stated that he also told the officers that he would never testify against Plaintiff. (ECF No. 37 at ¶ 56). As a result of Larcinese's investigative report, the Attorney General's Office informed Plaintiff that his private criminal complaint was disapproved. (Id. at ¶ 57; ECF No. 42 at ¶ 38). Plaintiff filed a petition for review of the disapproval of his criminal complaint with the Elk County Court. (Id. at ¶ 58). A hearing on the petition was conducted on November 11, 2011, before the Honorable Richard A. Masson, at which Larcinese testified. (ECF No. 37 at ¶ 59; ECF No. 42 at ¶ 39). After the hearing, Judge Masson denied Plaintiff's

petition for review and confirmed the Attorney General's disapproval of his private criminal complaint. (ECF No. 37 at ¶ 61; ECF No. 42 at ¶ 40).

### C. Standards of Review

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving

elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

**D.     Discussion**

  **1.     Fourteenth Amendment Claim**

As a preliminary matter, the Court notes that Plaintiff's Fourteenth Amendment substantive due process claim is based upon the same set of allegations as his Fourth Amendment malicious prosecution claim. As such, Plaintiff's Fourteenth Amendment claim will be dismissed, because the Fourteenth Amendment's standard of substantive due process is inapplicable to claims of malicious prosecution and/or false arrest brought under 42 U.S.C. § 1983. See Albright v. Oliver, 510 U.S. 266, 273-75 (1994) (holding it is the Fourth

Amendment, and not substantive due process, under which a malicious prosecution claim under § 1983 must be judged); Singer v. Fulton County Sheriff, 63 F.3d 110, 115 n.4 (2d Cir. 1995) (analysis of the four separate opinions in Albright yields the conclusion that the Fourth Amendment is the source for a § 1983 action premised on a person's arrest).

### 2. Fourth Amendment Malicious Prosecution Claim

To maintain a Fourth Amendment claim under § 1983, whether based on malicious prosecution or false arrest, the Plaintiff must prove each of the following five elements by a preponderance of the evidence: (1) the defendant initiated a criminal proceeding against the plaintiff; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009), citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). A plaintiff's failure to satisfy any one of the five elements is fatal to his entire claim. Id.

Here, Plaintiff challenges four occasions on which Defendant Cuneo charged him with one or more criminal offenses: (i) a summary citation for operating a vehicle without a valid inspection that was issued by Defendant Cuneo against Plaintiff on February 28, 2008; (ii) a summary citation for harassment that was issued by Defendant Cuneo against Plaintiff on March 6, 2009; (iii) the Assault charges that were filed by Defendant Cuneo against Plaintiff on July 1, 2009 ("assault charges"); and (iv) the Firearm charges that were filed by Defendant Cuneo against Plaintiff on July 6, 2009. Plaintiff has since conceded that he did not suffer a deprivation of liberty as a result of either of the summary citations and, thus, has failed to establish a Fourth Amendment claim as to Defendant Cuneo's issuance of the same. (See ECF No. 44, Plaintiff's Opposition Brief, at pp. 13-14 (internal pp. 8-9)). As a result, Plaintiff's Fourth Amendment

malicious prosecution claim is now confined to Defendant Cuneo's initiation of the Assault and Firearm charges. These charges will be addressed in turn.

### a. Assault Charges

Plaintiff alleges that Defendant Cuneo violated his Fourth Amendment rights by charging and arresting him for simple and aggravated assault arising from Plaintiff's altercation with Padasek on July 1, 2009. Defendant Cuneo argues that this claim fails, as a matter of law, because Plaintiff cannot establish either a lack of probable cause or that the resultant criminal proceeding ended in his favor. (ECF No. 39, Defendant's Brief, at p. 17).

### i. Probable Cause

The threshold issue in malicious prosecution claims under 42 U.S.C. § 1983 is the existence of probable cause. Groman v. Twp. Of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). See also Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)("[t]he proper inquiry in a section 1983 claim based on false arrest ... is whether the arresting officers had probable cause to believe the person arrested had committed the offense"). Although the existence of probable cause in a §1983 claim is usually a question of fact, summary judgment is appropriate when the evidence, viewed in the light most favorable to the plaintiff, could not support a determination that an officer lacked cause to arrest. Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997); Sherwood v. Mulvihill, 113 F.3d 396, 402 (3d Cir. 1997). This Court must, therefore, determine whether there are issues of fact that preclude summary judgment or whether, construing the facts in the light most favorable to Plaintiff, they still support the existence of probable cause, thus invalidating Plaintiff's constitutional claim and warranting the entry of summary judgment. See Hunter v. Bryant, 502 U.S. 224, 227 (1991) (an arrest based on probable cause will completely insulate the officer from § 1983 liability).

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995). Probable cause is measured by a low standard, requiring only a "fair probability" that the person committed the crime. Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000). Courts determine probable cause objectively, taking into account the mindset of the "reasonable officer" and not of the actual arresting officer. Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000).

In this case, the undisputed facts reveal that Defendant Cuneo received a 911 dispatch call to respond to an assault victim who was bleeding profusely. Upon arriving at the scene, Defendant Cuneo found Padasak "standing there bleeding, holding a rag on his wrist" and his face was "bleeding and cut." (ECF No. 37 at ¶ 13; ECF No. 42 at ¶ 15). Padasak informed Defendant Cuneo that Plaintiff had just assaulted him with a brick at Ms. Redmond's residence. (ECF No. 37 at ¶ 14; ECF No. 42 at ¶ 16). Shortly thereafter, Ms. Redmond gave a written statement to Defendant Cuneo stating that Plaintiff was at her residence and that he hit Padasak with a brick. (ECF No. 37 at ¶ 15). Defendant Cuneo also observed blood and a brick at Ms. Redmond's residence. Based on these statements and physical evidence, Defendant Cuneo proceeded to Plaintiff's mother's residence, where he arrested Plaintiff and charged him with simple assault[3], aggravated assault[4], and indirect criminal contempt for violation of the PFA Order.

---

[3] A person is guilty of simple assault if he (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S. § 2701(1).

[4] A person is guilty of aggravated assault if he (4) attempts to cause or intentionally or recklessly causes bodily injury to another with a deadly weapon. 18 Pa.C.S. § 2702(4).

Plaintiff argues that Defendant Cuneo lacked probable cause to arrest Plaintiff on the Assault charges because, prior to the arrest, he did not ask Plaintiff what occurred on the evening in question and did not have any information regarding who the aggressor was. (ECF No. 44, Plaintiff's opposition brief, at p. 15 (internal p. 10)).  However, the issue is not whether Plaintiff was actually guilty of assaulting Padasak at the time he was arrested, nor is it whether he could or would be convicted of assault by proof beyond a reasonable doubt. See Wright v. City of Philadelphia, 409 F.3d 595, 601-2 (3d Cir. 2005) ("all interpretations of probable cause require belief of guilt that is reasonable, as opposed to certain…. Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction").  The issue, rather, is whether Defendant Cuneo had reasonable cause to believe that Padasak had been assaulted by Plaintiff at the time of the arrest.  See Davis v. Malitzki, 451 Fed.Appx. 228, 234 (3d Cir. 2011) (holding that an "exculpatory defense, no matter how compelling, could not defeat … already-present probable cause"); Merkle v. Upper Dublin School Dist., 211 F.3d 782, 789 (3d Cir. 2000) (finding probable cause not defeated by failure to interview suspect before arrest).  Even viewed in a light most favorable to the Plaintiff, the foregoing facts and circumstances were sufficient to lead a reasonable officer to believe an offense had been committed by Plaintiff. Moreover, Plaintiff does not dispute the facts that were known to Defendant Cuneo at the time of the arrest. Thus, the Court finds there was probable cause to support the arrest based on these undisputed facts.

The fact that the charges for which Plaintiff was arrested were subsequently withdrawn by the District Attorney does not eliminate the existence of probable cause at the time of the arrest. See Hunter v. Bryant, 502 U.S. 224, 228 (1991) ("Probable cause existed if 'at the moment the arrest was made...the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing'" a crime had been committed (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).  Furthermore,

Plaintiff's questioning of Defendant Cuneo's motive for the arrest is not to be considered in determining whether probable cause existed.  See Whren v. United States, 517 U.S. 806, 813 (1996) (holding that officer's state of mind "'does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action'" quoting Scott v. United States, 436 U.S. 128, 136 (1978)).

Since probable cause for Plaintiff's arrest on the Assault charges existed, no constitutional violation was committed by Defendant Cuneo.  As a result, summary judgment will be granted in favor of Defendant Cuneo with regard to Plaintiff's Fourth Amendment claim arising from the Assault charges.

### b. Firearm charges

Plaintiff alleges that Defendant Cuneo violated his Fourth Amendment rights by arresting and charging him with the Firearm charges because he lacked probable cause.  Defendant has moved for summary judgment on this claim, arguing that Plaintiff cannot establish a lack of probable cause or that the resultant criminal proceeding terminated in his favor.

### i. Probable Cause

As detailed earlier, the undisputed evidence of record reveals that:  (1) on June 25, 2009, Joseph Kojancic reported the theft of the Pistol, among other things; (2) following an investigation, Lynch was charged with theft of the Pistol; (3) prior to July 1, 2009, while being transported to a court appearance, Lynch made statements to Chief Parana indicating that Plaintiff had knowledge of the Pistol's whereabouts; (4) on the afternoon of July 1, 2009, Chief Parana directed Defendant Cuneo and Officer Woodin to go to the residence of Plaintiff's mother, where Plaintiff was living at the time, to conduct a "knock and talk" regarding the location of the Pistol; (5) on July 1, 2009, Defendant Cuneo and Officer Woodin went to the

residence of Plaintiff's mother and received her consent to search the premises for the Pistol; (6) during the search, Plaintiff's brother, Christopher Miller arrived at the residence and was questioned about the pistol, after which he composed a witness statement indicating that Plaintiff had possession of a firearm that he had received from Lynch; and (7) on July 3, 2009, Chief Parana received a fax from Lieutenant Klepfer of the Jefferson County Jail stating that Plaintiff knew the whereabouts of the Pistol and wanted to talk to Chief Parana about the same. The Court finds that these facts and circumstances were sufficient to cause a prudent officer to believe that Plaintiff committed the Firearm charges of which he was charged. See Wright, 409 F.3d at 602, quoting Beck v. Ohio, 379 U.S. 89, 91 (1964) ("[a]n arrest was made with probable cause if 'at the moment the arrest was made … the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense'").

Nonetheless, Plaintiff contends that Defendant Cuneo lacked probable cause to initiate the Firearm charges because they were based primarily on Christopher Miller's sworn written statement, which Plaintiff argues was coerced by Defendant Cuneo. However, Plaintiff concedes that any challenge to the veracity of the written statement is barred by the doctrine of collateral estoppel[5] and/or the Rooker-Feldman doctrine[6], because such a challenge has already been raised

---

5

Under the doctrine of collateral estoppel, **Error! Main Document Only.**a party is estopped from re-litigating an issue when: (1) the issue sought to be precluded is the same as the one involved in a prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. Wolstein v. Docteroff (In re Docteroff), 133 F.3d 210, 214 (3d Cir. 1997).

6

**Error! Main Document Only.**Under the Rooker-Feldman doctrine, federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal

by Plaintiff and rejected by the Elk County Court of Common Pleas. (See ECF No. 44, Plaintiff's opposition brief, at pp. 19-20). As a result, Plaintiff is unable to establish a lack of probable cause here by calling into question the written statement upon which probable cause was primarily based. Without the ability to present such a challenge, Plaintiff is unable to establish that Defendant Cuneo lacked probable cause to initiate the Firearm charges against Plaintiff. Accordingly, summary judgment will be granted in favor of Defendant Cuneo on Plaintiff's Fourth Amendment claim arising from the Firearm charges.

      An appropriate Order follows.

---

citations omitted). **Error! Main Document Only.**This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID E. MILLER, ) | |
|       Plaintiff ) | C.A. No. 11-124 Erie |
| ) | |
| v. ) | |
| ) | Magistrate Judge Baxter |
| OFFICER DAVID CUNEO, et al., ) | |
|       Defendants. ) | |

## **ORDER**

AND NOW, this 16<u>th</u> day of October, 2012,

IT IS HEREBY ORDERED that Defendant Cuneo's motion for summary judgment [ECF No. 36] is GRANTED, and judgment is hereby entered in favor of Defendant Cuneo and against Plaintiff on Plaintiff's remaining Fourth and Fourteenth Amendment claims.

The Clerk is directed to mark this case closed.

                                              <u>/s/ Susan Paradise Baxter</u>
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge